Edgar W. Waybright, Sr. v. Commissioner.
Edgar W. Waybright, Sr. v. Commissioner
Docket No. 27461.
United States Tax Court
1951 Tax Ct. Memo LEXIS 183; 10 T.C.M. (CCH) 589; T.C.M. (RIA) 51189; June 21, 1951
*183 Roger J. Waybright, Esq., for the petitioner. Thomas C. Cravens, Jr., Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $854.60 in income tax for 1947. The issues for decision are whether the Commissioner erred in disallowing a deduction of $500 for depreciation of law books and whether he should have allowed a deduction of the entire loss of $3,293.07 from a bad debt instead of holding that it was from a non-business debt subject to the limitation on capital losses. Findings of Fact The petitioner filed his individual income tax return for 1947 with the collector of internal revenue for the district of Florida. His wife filed no return for that year. The petitioner has been engaged in the practice of law since 1912. He paid about $25,000 for a law library in 1923 and has been using that library since that time. He has claimed annual deductions of $500 for the depreciation on his library. The probable useful life of the library beginning in 1923 was fifty years. A reasonable allowance for depreciation of the library for 1947 is $500. The petitioner for a number of years has loaned money *184 from time to time usually on mortgages. The total amount of loan averaged about $15,000 for a number of years prior to 1947. He never advertised that he was in the business of lending money. He never had any regular place of business for the lending of money. There was no regular way in which people could learn that he might lend money. He never disclosed on his return that he was regularly engaged in the business of lending money, and never claimed any deductions on his returns as expenses of any such business. The petitioner and his wife learned from Alberta Scott that she wanted to own a restaurant of her own and they advanced $7,500 to her in 1946, $6,500 to be used as a down payment on the purchase of the restaurant and $1,000 to be used as operating capital. The petitioner and his wife received a second mortgage on the restaurant to secure the loan. It was to be paid off in installments. Alberta needed additional money with which to start the restaurant, and beginning in 1946 and continuing into 1947 the petitioner and his wife made additional loans to her. Those additional loans amounted to $3,293.07 and were not secured. The debt of $3,293.07 became worthless in 1947. It *185 was from a nonbusiness debt. The petitioner in 1947 had the following additional loans outstanding: $3,600
for 10 years secured by a mortgage on
real estate
3,500
loaned in 1947 for 4 years secured by a
mortgage on real estate
1,750
secured by personal property
200
unsecured for a few months
The record does not show how many loans the petitioner made in any year. The petitioner's secretary kept a record of the loans made and the payments of interest and principal thereon. The petitioner reported interest of $295.44 on his return for 1947 and other income of $11,555.79, most of which was from the practice of law. Opinion MURDOCK, Judge: The attitude of the Commissioner on the depreciation issue is petty. He has apparently never before questioned the deduction in 24 years but now says the cost of the library is not shown despite the fact that the petitioner testified without contradiction that he paid approximately $25,000 for it. The Commissioner erred in disallowing the modest deductions claimed. The general rule of section 23(k)(1) is that debts may be deducted in full when they become worthless. But that rule does not apply in the case *186 of a taxpayer other than a corporation with respect to "a non-business debt." Section 23(k)(4) provides that the loss resulting from the worthlessness of a nonbusiness debt shall be considered a loss from the sale or exchange of a capital asset held for not more than six months, and defines a non-business debt for present purposes as one "other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business." There is a limitation on the deduction of short-term capital losses. The only question in this issue is whether the Scott debt was one "the loss from the worthlessness of which was incurred in the taxpayer's trade or business." The taxpayer has the burden of proof. Occasional loans of money do not constitute a trade or business within the meaning of section 23(k)(4). . The activities of the petitioner, with or without his wife, in lending money, as shown by this record, are not sufficient to constitute the carrying on of a trade or business. ; , certiorari denied, . Decision will *187 be entered under Rule 50.